## Ortt's Appeal.

A testator left neither wife, father, mother, brother, nor sister, but nephews and nieces, and the children of deceased nephews and nieces, and by his will directed that the residue of his estate should be divided among his next heirs, in equal shares, or their children, if their parents should not be living: *Held*, that the nephews and nieces took *per capita*, and not *per stirpes*; and that the grand-nephews and grand-nieces were entitled to the share which their parents would have taken if living.

APPEAL from the Orphans' Court of *Lehigh county*.

This was an appeal by Christian Ortt, from the decree of the court below distributing the estate of Christian Andreas, deceased, in the hands of his executors.

Christian Andreas by his last will, dated the 5th March 1858, devised as follows:—"As regards my remaining plantation and possessions, it is my will that the same be sold at public vendue, and converted into money, so soon and as advantageously as possible, and all my other incomes gathered and collected; and after my just debts have been paid, then the residue shall be divided among my next heirs, in equal shares, or their children, if their parents should not be living." And he appointed Jacob Andreas, John Ortt, and Jacob Ortt, Jr., his executors.

The testator left neither wife, father, mother, brother, nor sister, but nephews and nieces, the children of deceased brothers and sisters, and grand-nephews and nieces, the children of deceased nephews and nieces.

On the 12th April 1859, the executors filed their account, exhibiting a balance in their hands of $22,742.18, which was referred to an auditor to report distribution. The auditor reported as follows:—

"It is said that the intention of the testator must be taken from the will. In this case, the words of the will (after the testator made some provision for his housekeeper, for the sale of his real estate, gathering of his other incomes, and the payment of his debts) are, 'then the residue shall be divided among my next heirs, in equal shares, or to their children, if their parents should not be living.' It is admitted that the testator, at the time of making his will, had neither wife, father, mother, brother, or sister living—could he, therefore, have meant them or any of them? or did he mean his nephews and nieces, children of his deceased brothers and sisters, and their children, if deceased? We are told, that the next of kin, according to the statute of distribution living at the execution of a will, or death of an intestate, are entitled to the estate. If this is so, the next heirs of Mr. Andreas are his nephews and nieces (children of his deceased brothers and

[Ortt's Appeal.]

sisters), and according to the will, his grand-nephews and nieces. The 18th section of the Act of 8th April 1833, *Purdon* (1855) 453, enacts that 'if such intestate shall leave neither brother nor sister of the whole blood, but nephews or nieces, being children of such deceased brother or sister, the real estate shall descend to and vest in such nephews and nieces.'

" The 21st section of the same act provides that the personal estate not otherwise disposed of shall be distributed in the same manner. Believing this to be the law and the rule, your auditor has distributed the balance of the estate, to wit, $22,742.18, among the nephews and nieces, and grand-nephews and nieces— that is to say, to twenty-six nephews and nieces, one twenty-ninth part, each, and one twenty-ninth part to the children of David Andreas, a nephew, deceased; one twenty-ninth part to the children of Jonathan Wesco, another nephew, deceased; and one twenty-ninth part to the children of Elizabeth Goebel, a niece, deceased."

Christian Ortt, the appellant, who was one of the three children of Maria Ortt, deceased, a sister of the testator, excepted to this report on the ground that distribution should have been made among the nephews and nieces of the testator *per stirpes*, and not *per capita*.

The court below overruled the exception, and decreed distribution according to the auditor's report; whereupon this appeal was taken.

*S. A. Bridges*, for the appellant, cited 2 *Williams on Executors* 976; Baskin's Appeal, 3 *Barr* 304; Fissel's Appeal, 3 *Casey* 55; Gring's Appeal, 7 *Id.* 292.

*W. S. Marx*, for the appellees, cited and relied on the Act 8th April 1833, § 4, art. 2, 4, *Brightly's Purd.* 453, pl. 18, 21; Witmer's Executors *v.* Ebersole, 5 *Barr* 458.

PER CURIAM.—We think that the reasons assigned by the auditor are a sufficient justification of the distribution made in this case, and we need not enlarge them.

Decree affirmed, at the costs of the appellants.